IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEGGY J. McGILL,<br><br>**Plaintiff(s)**<br><br>v.<br><br>YVONNE BREUER SCHOLL,<br><br>**Defendant(s)** | **CIVIL NO.** 06-1231 (FAB) |

**MEMORANDUM AND ORDER**

Pending before the Court are plaintiff's second Notice of Removal (Docket No. 24), and Emergency Motion Requesting Order (Stay of State Court Proceedings) (Docket No. 25), both of which the defendant has duly opposed (Docket No. 27). For the reasons discussed below, the Court **REMANDS** the state cases and, and **GRANTS** the motion to stay the state court proceedings as explained below.

**DISCUSSION**

A. The Notice of Removal

On the same date that this case was filed, the defendant herein filed two complaints in state court against the plaintiff[1] (the "state cases"), which the plaintiff attempted to remove to this Court (Docket No. 5). On August 30, 2006, the Court, Chief U.S. District Judge José A. Fusté, denied the notice of removal because it had been improperly filed (Docket No. 21). The Court stated that

---

[1] One complaint is for recovery of monies and the other for eviction. Both are related to the same property.

Civil No. 06-1231 (FAB)                                              2

the Plaintiff could not file the notice of removal within this ongoing case, but rather was required to file a new case. On September 25, 2006, plaintiff, misunderstanding the Court's order, refiled this complaint, instead of the notice of removal, under a new case number (Civil No. 06-1962, Docket No. 1). On December 28, 2006, plaintiff refiled the notice of removal, again within this case (Docket No. 24). Without delving deeper into the propriety of plaintiff's filing, the Court must deny removal and remand the complaints because the state cases are simply not removable.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-64 (1997). The notice of removal "shall be filed within thirty days after receipt by the defendant, through service of otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. See, e.g., Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir.

Civil No. 06-1231 (FAB)                                                3

1999) (citing <u>BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4</u>, 132 F.3d 824, 831 (1st Cir. 1997)).  Removal statutes are strictly construed against removal.  See <u>Rosselló-González v. Calderón-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941)).  When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.  <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097 (11th Cir. 1994).

The problem with plaintiff's attempt at removal is that it is premised on diversity of citizenship and an action is removable because of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The defendant herein is a citizen of New York and the plaintiff is a citizen of Puerto Rico, so there is complete diversity between the parties.  Because defendant filed her complaint in the state courts of Puerto Rico, of which the plaintiff McGill is a citizen, however, section 1441(b) precludes plaintiff McGill from removing the state case to federal court.  "[S]ince this is not an action arising under the Constitution or laws of the United States, it is not removable under Section 1441(b) because defendants are citizens of the State in whose courts the action was brought."  <u>Irvin Jacobs & Co. v. Levin</u>, 86 F.Supp. 850, 852 (D.C. Ohio 1949).  "[D]efendant, being a citizen of Puerto Rico, the state in which the action was brought, removal is not possible."  <u>Sugar Corp. of Puerto Rico v.</u>

Civil No. 06-1231 (FAB)                                              4

Environeering, Inc., 520 F.Supp. 996, 998 (D.P.R. 1981).  The Court need not go further.

B. The Motion to Stay State Court Proceedings

After the Court denied plaintiff's first notice of removal, the defendant moved in the state court for reopening of her state cases. She accompanied her request with a certified copy of the Court's order denying the notice of remand.  The state court held a hearing in the eviction case on November 26, 2006, and afterwards issued a default judgment against Mrs. McGill.  A motion for entry of default and default judgment in the collection case is still pending.[2]

These actions taken in state court, by both the court itself and the defendant, are a nullity because the state court lacked jurisdiction to receive any motions or conduct any proceedings in this matter.  After the removing party files its notice or removal in the federal court, files a copy with the clerk of the state court, and gives written notice to all adverse parties, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  Once the removal is effected, "any further proceedings in the state court are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to the state court."  14C Charles Alan Wright, et al., Federal Practice and Procedure § 3737 (3d ed. 1998) (footnotes omitted); see also Rosselló-González, 398 F.3d at 8, n. 23.

---

[2] The Court takes these facts from defendant's opposition (Docket No. 27).

Civil No. 06-1231 (FAB)                                                    5

The question, then, is whether the Court order denying the first notice of removal had the effect of remanding the state cases back to the state court, returning with it the state court's jurisdiction over the matter. The Court finds that it did not.

It is axiomatic that the remand procedure is effected, and the federal court is divested of jurisdiction, only after it completes the definitive act of mailing, via certified mail, to the clerk of the state court a certified copy of its order of remand. "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court _may thereupon proceed_ with such case." 28 U.S.C. § 1447(c) (emphasis added); see also Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3rd Cir. 1995)("The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court . . . But the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing."); Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984)("The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court.").

The order denying the first notice of removal did not divest this court of jurisdiction because it did not order the remand of the case and because the Clerk of the court did not mail a certified copy of the order to the clerk of the state court. The defendant's act of filing a certified copy of the order to the state court did

Civil No. 06-1231 (FAB)                                              6

not have the same effect because the law is crystal clear that the state court does not have jurisdiction over the matter until it receives a certified copy of the order directly from the clerk of the federal court, and not from one of the parties. Accordingly, the state court lacked jurisdiction to receive any motions in the state cases, much less to hold hearings and issue orders or judgments.

Therefore, all proceedings held, as well as any orders and judgment issued by the state court, or motions filed in the state cases, after March 20, 2006, the date of the first notice of removal, are hereby vacated as they are a nullity. Any person attempting to enforce the default judgment of November 28, 2006 issued by the Superior Court of Puerto Rico, Carolina Division, in case no. FPE2006-0206 (402), will be found in contempt of court. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)("[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts.' This power reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'").

## CONCLUSION

For the foregoing reasons, the Court **REMANDS** the complaints filed in state case nos. FCD 2006-0574 and FPE 2006-0206, to the Superior Court of Puerto Rico, Carolina Division. Furthermore, the

Civil No. 06-1231 (FAB)                                              7

Court **VACATES** any and all proceedings held, orders entered, judgments issued, and motions filed in those two cases from March 20, 2006 and until the Clerk of the Court mails a certified copy of this order to the clerk of the state court.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 9th day of January 2007.

                                               S/ Francisco A. Besosa
                                               FRANCISCO A. BESOSA
                                               U.S. DISTRICT JUDGE